Filing # 27519477 E-Filed 05/20/2015 01:10:08 PM

# IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT

## IN AND FOR PASCO COUNTY STATE OF FLORIDA

### Civil Division

**KAREN VANOVER**

    **Plaintiff,**

                                            Case Number _____

v.

**NCO FINANCIAL SERVICES, INC.**

    **Defendant**

_____/

## COMPLAINT

Plaintiff brings this action against Defendant, on the grounds and the amounts set forth herein.

### 1. PRELIMINARY STATEMENT

This action arises out of the facts and circumstances surrounding phone calls and unlawful contact made by Defendant.

Plaintiff, an individual and consumer, institutes this action for actual and statutory damages against the defendant and the costs of this action against Defendant, who is a debt collector, for violations of State and Federal law as set forth below.

Plaintiff alleges that Defendant contacted Plaintiff's in a manner that violates 15 U.S.C. 1601 et. seq. and Chapter 559.72(7)of the Florida Statutes, because Defendant continued to contact Plaintiff and said contact on the part of Defendant was also contrary to Plaintiff's cease

and desist instructions as Defendant knew that Plaintiff instructed Defendant to stop contacting Plaintiff's. Yet Defendant chose to contact Plaintiff without regard to Plaintiff's lawful rights, with an intent to annoy and harass Plaintiff.

## II. PARTIES

1. Plaintiff is a natural person and consumer residing in Pinellas County, Florida.
2. Defendant is a foreign for-profit corporation, accountable under 15 U.S.C. 1601, et. seq. as well as Chapter 559 of the Florida Statutes and Defendant is a debt collector.
3. Defendant, a self described "debt collector", was attempting to collect an alleged but unsubstantiated consumer debt against Plaintiff, which gives rise to this action.

## III. JURISDICTION AND VENUE

4. This is an action for relief and damages that are in excess of $15,000.00 and are within the jurisdictional limits of this court.
5. Venue in Pasco County, Florida is proper in this action because all events arising in this action occurred in Pasco County.

## IV. FACTUAL ALLEGATIONS

6. Plaintiff is a consumer.
7. Defendant is a debt collector.
8. Plaintiff issued cease and desist instructions to Defendant on or about November 5, 2013.
9. Defendant continued to contact Plaintiff in regards to the alleged debt that Plaintiff had disputed on at least .
10. Defendant uses the address 507 Prudential Drive, Horsham Pennsylvania 19044.

2

11. Plaintiff sent a cease and desist letter to Defendant at 507 Prudential Drive, Horsham Pennsylvania 19044 with appropriate postages and an accurate return address first class mail.

12. Defendant received Plaintiff's above referenced cease and desist communication within 3-5 days of Plaintiff's mailing of the same.

13. Defendant receives mail at 507 Prudential Drive, Horsham Pennsylvania 19044, including mail sent via U.S. First Class Mail through the United States Post Office.

14. Defendant sends mail through the United States Post Office.

15. Defendant sends mail through the United States Post Office using First Class Mail.

16. Defendant has communicated to Plaintiff using First Class Mail through the United States Post Office.

17. Defendant uses First Class Mail via the United States Post Office to send notices and letters to consumers, including Plaintiff.

18. Defendant employs more than one employee to retrieve Defendant's incoming mail.

19. Defendant employs more than one employee to sort Defendant's incoming mail.

20. Defendant receives in excess of 100 items of mail each business day via First Class Mail through the United States Post Office.

21. Defendant received in excess of 500 items of mail each business day via First Class Mail through the United States Post Office.

22. Defendant received in excess of 1000 items of mail each business day via First Class Mail through the United States Post Office.

23. Defendant maintains a policy in regards to the handling of incoming mail.

24. Defendant does not maintain a policy of handling incoming mail.

25. Defendant does not publish instructions to Defendant's employees regarding the handling of incoming mail to Defendant's business.

26. Defendant does publish instructions to Defendant's employees regarding the handling of incoming mail to Defendant's business.

27. Defendant does not own the debt that Defendant was attempting to collect from Plaintiff.

28. Defendant does own the debt that Defendant was attempting to collect from Plaintiff.

29. Defendant informed Plaintiff that Defendant was a debt collector.

30. Defendant did not issue initiating correspondence to Plaintiff giving Plaintiff and opportunity to challenge the validity of the debt that Defendant alleged against Plaintiff.

31. Defendant did issue initiating correspondence to Plaintiff giving Plaintiff and opportunity to challenge the validity of the debt that Defendant alleged against Plaintiff.

32. Defendant has no factual basis to allege a consumer debt against Plaintiff.

33. Defendant was not entitled to contact Plaintiff after having been notified that Plaintiff did not want Defendant to contact Plaintiff again.

34. Defendant's office addresses each contain computers with internet access.

35. Defendant office address at 507 Prudential Drive, Horsham Pennsylvania 19044 contains computers with internet access.

36. Defendant maintained computers at each of Defendant's business addresses for the four years preceding this complaint.

37. Defendant uses telephones to contact consumers.

38. Defendant uses predictive dialers (as defined by the Telephone Consumer Protection Act) to contact consumers via phone.

39. Defendant uses automated telephone dialing systems (as defined by the Telephone Consumer Protection Act) to contact consumers via phone.

40. Defendant contacted Plaintiff calling Plaintiff's cell phone telephone.

41. Defendant maintains a paper file regarding Plaintiff and the debt Defendant alleges that Plaintiff owes.

42. Defendant maintains an electronic file regarding Plaintiff and the debt Defendant alleges that Plaintiff owes.

43. Defendant maintains business records.

44. Among Defendant's business records, Defendant has documents, electronic and or paper, that contain Plaintiff's name and address.

45. Defendant is accountable under the Fair Debt Collection Practices Act.

46. Defendant is accountable under Chapter 559.72 of the Florida Statutes.

47. Defendant is not exempt from the Fair Debt Collection Practices Act.

48. Defendant is not exempt from Chapter 559.72 of the Florida Statutes.

49. Defendant conducts interstate commerce in the United States.

50. Defendant maintains calls centers in the United States.

51. Defendant publishes no time frame for the processing of Defendant's incoming mail.

52. Defendant publishes no time frame for opening Defendant incoming mail.

53. Defendant's internal policies and procedures do not specify any particular time for opening incoming mail.

54. Defendant does not prioritize certified mail over mail Defendant receives via First Class mail.

55. Defendant does not treat incoming first class mail any different that certified mail that Defendant receives.

56. Defendant does not require consumers to contact Defendant via certified mail.

57. Defendant did not require Plaintiff to contact Defendant via certified mail.

58. Defendant contacted Plaintiff on at least November 12, 2013.

59. Defendant knew that Plaintiff was represented by legal counsel prior to contacting Plaintiff on November 12, 2013.

## IV.

### Violations of 15 U.S.C. 1601 et. seq.

60. Plaintiff re-alleged and incorporated paragraphs above set forth above.

61. These complained of actions (as alleged above, including but not limited to paragraphs 1 to 59) on the part of Defendant (contact with Plaintiff after Defendant had actual knowledge of Plaintiff's cease and desist) constitutes a violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1601 generally, and 15 U.S.C. 1692(c), 15 U.S.C. 1692 (d) and is further liable for attorney fees and costs under 15 U.S.C. 1692(k), because Defendant continued to contact Plaintiff after being advised that such contact was against Plaintiff's the wishes and directives of Plaintiff, in a manner designed to harass or annoy Plaintiff and to disregard the lawful rights of Plaintiff by calling Plaintiff's phone and causing it to ring repeatedly with the intent to harass and/or annoy Plaintiff.

62. Indeed, Plaintiff advised Defendant to stop contacting Plaintiff's and that Plaintiff did not wish to receive any more calls or even written contact from Defendant, yet Plaintiff continued to be contacted by Defendant (post cease and desist instruction), who intended to harass and or annoy Plaintiff and by disregarding the rights of Plaintiff under the law, and continuing to contact Plaintiff in regards to an alleged consumer debt.

### VIII. Violations of Chapter 559 of the Florida Statutes.

63. Plaintiff re-alleges and re-incorporates paragraphs above.

64. Again, Plaintiff advised Defendant during the course of Defendant's contact with Plaintiff that Plaintiff no longer wanted Defendant to contact her and that Plaintiff did not want to receive any more calls or contact from Defendant.

65. Defendant ignored Plaintiff's request and cease and desist instructions which were given to Defendant and Defendant continued to contact Plaintiff (post cease and desist instruction), in disregard of Plaintiff's rights.

66. Defendant's conduct and disregard of Plaintiff's rights and Defendant's decision to continue contacting Plaintiff after being advised not to do so, constituted and intentional disregard for Plaintiff rights under Florida law, including Chapter 559.72(7)of the Florida Statutes.

67. The actions of the Defendant individually and collectively violated the Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA"), which amended the Federal Communications Act 47 U.S.C. 151, et seq. ("FCA") to address the uses of automatic telephone

7

dialing systems, artificial or prerecorded voice messages, SMS text messages reviewed by cell phones, and the use of fax machines to send unsolicited advertisements.

68. By the Defendant calling the Plaintiff's phone without express consent and in direct violation of Plaintiff's instructions, thereby Defendant violated the TCPA. 47 U.S.C. 227

69. By the Defendant calling the Plaintiff's phone without consent and expressly, Defendant violated the TCPA. 47 U.S.C. 227

### Prayer for Relief

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant for the following:

(1) Statutory damages pursuant to 15 U.S.C. 1601 as well as Chapter 559.77 of the Florida Statutes;

(2) Fair and reasonable costs of this action, court costs and attorney's fees, where provided for by law;

(3) Such other and further relief that the Court deems just and proper.

/s/Lisa Wilcox/

By:_____
Lisa R. Wilcox, Esquire
FBN: 697291
721 First Ave. N.
Suite 100
St. Petersburg, Florida 33701
727-821-1707
lisa@wilcoxlawpa.com